**Gabriela J. Cerretani, Esq.**
**Georges Cote Law, LLP**
**235 Marginal St**
**Chelsea, MA 02150**
**gcerretani@georgescotelaw.com**
**MA BBO: 706130**
**Counsel for Petitioner**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Gary Jonatan De Leon,** )<br>)<br>　　**Petitioner** )<br>)<br>v. )<br>)<br>PATRICIA HYDE, Boston Field Office Director, )<br>　　U.S. Immigration and Customs Enforcement )<br>　　and Removal Operations ("ICE/ERO"); )<br>TODD LYONS, Acting Director of U.S. Immigration )<br>　　and Customs Enforcement ("ICE"); )<br>KRISTI NOEM, Secretary of the Department of )<br>　　Homeland Security ("DHS"); )<br>U.S. DEPARTMENT OF HOMELAND )<br>　　SECURITY; and )<br>PAMELA BONDI, Attorney General )<br>　　of the United States **)**<br>　　**Respondents** ) | Case No.: 1:25-cv-12490<br><br>Agency No.: A 209-460-639<br><br>**EMERGENCY PETITION**<br>**FOR WRIT OF HABEAS**<br>**CORPUS** |

## I. INTRODUCTION

1. Petitioner, Gary Jonathan DE LEON is a citizen of Guatemala who entered the United States without inspection in or about 2005. He was not apprehended upon entry and has resided continuously in the United States for nearly two decades. Until recently, Petitioner had never been placed in removal proceedings under INA § 240 and has no criminal or immigration history.

2. On September 8, 2025, Immigration and Customs Enforcement ("ICE") agents arrested Petitioner in Massachusetts and have since detained him under the purported authority of

INA § 235(b), treating him as an "applicant for admission" subject to mandatory detention and expedited removal.

3. ICE's reliance on § 235(b) is unlawful. Congress expressly limited expedited removal to noncitizens who are encountered within two years of entry. See 8 U.S.C. § 1225(b)(1)(A)(iii)(II). Petitioner, who has lived in the United States since 2005, is far outside that statutory framework. Subjecting him to mandatory detention under § 235(b) disregards both the statutory text and the constitutional protections owed to long-term residents.

4. Because Petitioner was never placed into § 240 removal proceedings, he has been denied access to the procedural safeguards Congress established for individuals in removal proceedings, including the right to appear before an Immigration Judge and the opportunity for a custody redetermination under INA § 236(a). His current detention is therefore unlawful, unconstitutional, and without statutory basis.

5. Petitioner respectfully seeks relief under 28 U.S.C. § 2241. This Court should issue the writ and order his immediate release, or, in the alternative, direct Respondents to place him in § 240 proceedings with the procedural and custody protections guaranteed under the Immigration and Nationality Act.

## II.   JURISDICTION AND VENUE

6. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

7. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

8. Venue is proper in this District because Petitioner is detained at Boston ICE Field Office in Burlington, MA, which lies within the District of Massachusetts.

9. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

## III. REQUIREMENTS OF 28 U.S.C. § 2243

10. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

11. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

## IV. PARTIES

12. Petitioner Gary Jonatan De Leon is a citizen of Guatemala currently detained at ICE Field Office in Burlington, Massachusetts, under the custody of U.S. Immigration and Customs Enforcement.

13. Respondent, PATRICIA HYDE, is the Boston Field Office Director for U.S. Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"). The Boston Field Office is responsible for custody determinations and enforcement actions in Massachusetts, including the detention of Petitioner. Respondent Hyde is a legal custodian of Petitioner.

14. Respondent, TODD LYONS, is the Acting Director of the U.S. Immigration and Customs Enforcement. He exercises authority over the operations of ICE nationwide, including the actions of ICE/ERO's Boston Field Office. Respondent Lyons is a legal custodian of Petitioner.

15. Respondent, KRISTI NOEM, is the Secretary of the Department of Homeland Security ("DHS"), the federal agency charged with enforcing the immigration laws of the United States. DHS oversees ICE and is ultimately responsible for the detention of Petitioner. Respondent Noem is a legal custodian of Petitioner.

16. Respondent, U.S. DEPARTMENT OF HOMELAND SECURITY, is the federal agency responsible for implementing and enforcing the immigration laws of the United States, including the detention and removal of noncitizens.

17. Respondent, PAMELA BONDI, is the Attorney General of the United States and the head of the U.S. Department of Justice. The Attorney General has ultimate supervisory authority over the immigration courts and the Board of Immigration Appeals and is charged with ensuring compliance with federal law in immigration detention and removal matters.

V. **FACTS**

18. Petitioner is a citizen of Guatemala who entered the United States without inspection in or about 2005.

19. Petitioner was not apprehended at the time of entry and has resided continuously in the United States since that time.

20. Petitioner has no prior history of immigration detention or removal proceedings under INA § 240.

21. On or about September 8, 2025, Immigration and Customs Enforcement ("ICE") agents arrested Petitioner in Massachusetts.

22. Since that arrest, ICE has detained Petitioner under the purported authority of INA § 235(b), treating him as an "applicant for admission" subject to mandatory detention.

23. ICE has not served Petitioner with a Notice to Appear or initiated removal proceedings under INA § 240.

24. Petitioner is therefore being held without access to the statutory and procedural protections available in § 240 proceedings, including the right to a hearing before an Immigration Judge and the opportunity to seek release on bond under INA § 236(a).

25. Petitioner has resided in the United States for nearly twenty years, well beyond the two-year continuous presence cutoff for expedited removal under 8 U.S.C. § 1225(b)(1)(A)(iii)(II).

26. Application of INA § 235(b) to Petitioner is unlawful, as Congress expressly limited expedited removal to individuals who entered without inspection and were encountered shortly after entry.

27. By holding Petitioner under INA § 235(b) despite his long residence and lack of prior proceedings, Respondents are depriving him of liberty without statutory authority or due process of law.

V.  **CLAIMS FOR RELIEF**

**Count I – Violation of the Fifth Amendment Right to Due Process**
**(Procedural Due Process)**

28. On information and belief, Petitioner is currently being detained and subjected to expedited removal under INA § 235(b) in violation of his constitutional right to due process of law. The Due Process Clause of the Fifth Amendment applies to "all persons" in the United States, including noncitizens, regardless of immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

29. Petitioner entered the United States without inspection in 2005 and has resided here for nearly twenty years. By statute, expedited removal under 8 U.S.C. § 1225(b)(1)(A)(iii) applies only to noncitizens who are encountered within two years of entry. Petitioner falls far outside that category. Nevertheless, DHS has classified him as subject to § 235(b), depriving him of the procedural safeguards Congress guaranteed in removal proceedings under INA § 240.

30. By denying Petitioner access to § 240 proceedings, Respondents have deprived him of significant statutory and constitutional protections, including the right to appear before a neutral decisionmaker, the right to be represented by counsel, the right to present evidence, and the opportunity to seek release on bond under INA § 236(a).

31. This unlawful classification has resulted in Petitioner's mandatory detention without notice, hearing, or opportunity to contest his custody. Such detention, imposed on a person who has lived in the United States for nearly two decades, violates fundamental due process requirements recognized in both statute and case law.

32. Accordingly, Petitioner's current detention under INA § 235(b) violates the Due Process Clause of the Fifth Amendment.

**Count II – Detention Not Authorized by Statute**

**(INA §§ 235(b), 236(a))**

33. Petitioner restates and realleges all prior paragraphs as if fully set forth herein.

34. Respondents' detention of Petitioner is not authorized by the Immigration and Nationality Act.

35. First, detention under INA § 235(b) is limited to certain noncitizens who are treated as applicants for admission at the time of entry or who are encountered within two years of unlawful entry. See 8 U.S.C. § 1225(b)(1)(A)(iii)(II). Petitioner entered the United States in 2005 and has resided continuously in the country for nearly twenty years. He was not apprehended upon entry, nor was he encountered within the statutory two-year timeframe. Accordingly, Respondents' reliance on § 235(b) exceeds their statutory authority.

36. Respondents are likely to argue, citing *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), that all individuals who entered without inspection are "applicants for admission" and subject to mandatory detention under § 235(b)(2)(A). That interpretation is overbroad and conflicts with the statute. *Hurtado* involved the initial classification of individuals who had not yet been processed through removal proceedings and who fell within the statutory framework Congress created for expedited removal. Petitioner's circumstances are materially different. He has resided in the United States for nearly two decades, well beyond the two-year limitation Congress imposed. Applying *Hurtado* to Petitioner would effectively erase that statutory limit and reclassify long-term residents as "arriving aliens," contrary to both statutory text and congressional intent.

37. Second, Congress has provided that noncitizens who have resided in the United States for an extended period must be placed into removal proceedings under INA § 240, and if detained, their custody is governed by INA § 236(a). That provision allows for detention

during the pendency of proceedings, but it also guarantees access to an individualized custody determination before an Immigration Judge.

38. By detaining Petitioner under § 235(b) instead of placing him into § 240 proceedings, Respondents have unlawfully denied him the statutory right to a custody redetermination.

39. Accordingly, Respondents' detention of Petitioner is ultra vires, exceeds the statutory authority granted by Congress, and must be set aside.

### Count III - Violation of Fifth Amendment Right to Due Process
### Illegal Retroactive Application of Expedited Removal Designation

40. Petitioner restates and realleges all paragraphs as if fully set forth here.

41. Administrative rules "will not be construed to have retroactive effect unless their language requires this result." *See Landgraf v. USI Film Products,* 511 U.S. 244, 272 (1994). When a "new provision attaches new legal consequences to events completed before its enactment" the new provision is not retroactive unless it is unmistakably clear. *Id*. at 270.

42. Applying the January 2025 expedited removal designation to Petitioner's entry to the United States to seek asylum would attach new legal consequences, including the loss of significant rights related to Petitioner's right to seek asylum.

43. The January 2025 designation does not unmistakably apply to individuals who entered the United States prior to its effective date of January 21, 2025. Office of the Secretary, Dep't of Homeland Security, Designating Aliens for Expedited Removal, 15 Fed. Reg. 8139. The designation's language thus does not "require that it be applied retroactively." *See INS v. St Cyr*, 533 U.S. 289, 291 (2001).

44. Nor does the statutory language that the designation purports to derive from, 8 U.S.C. § 1225(b)(1)(A)(iii), include any language indicating Congressional intent to allow

retroactive effect. *See St. Cyr*, 533 U.S. at 316 (requiring statutory language to be "so clear that it could sustain only one interpretation").

45. At the time of Petitioner's entry in 2005, the only individuals who could be placed in expedited removal proceedings were individuals "encountered within 100 air miles of the border and within 14 days of their date of entry." *See* Office of the Secretary, Dep't of Homeland Security, Rescission of the Notice of July 23, 2019, Designating Aliens for Expedited Removal, 87 Fed. Reg. 16022 (Mar. 21, 2022). To the extent that Respondents ever had the legal authority to reclassify Petitioner from § 1229a proceedings to expedited removal proceedings, that authority expired 14 days after Petitioner's entry date.

46. Accordingly, Respondents are unlawfully subjecting Petitioner to expedited removal.

**Count IV – Violation of the Administrative Procedure Act**
**(Unlawful Agency Action, 5 U.S.C. § 706(2))**

47. Petitioner restates and realleges all prior paragraphs as if fully set forth herein.

48. Respondents' decision to detain Petitioner under INA § 235(b) is unlawful and must be set aside under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), (C).

49. Immigration detention must be tethered to statutory authority under the Immigration and Nationality Act. *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001). Petitioner entered the United States in 2005 and has lived here for nearly twenty years. By statute, expedited removal authority under 8 U.S.C. § 1225(b)(1)(A)(iii) applies only to individuals encountered within two years of entry. Respondents' treatment of Petitioner as subject to § 235(b) therefore exceeds the statutory authority Congress conferred.

50. To the extent Respondents rely on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), their reliance is arbitrary and capricious. *Hurtado* addressed the initial classification of EWIs who had not yet been processed in removal proceedings and who

fell within the statutory framework for expedited removal. Petitioner is not similarly situated: he has lived in the United States for nearly two decades, far outside the statutory cutoff. Treating him as an "arriving alien" now disregards both statutory text and his established equities.

51. Moreover, Respondents' actions are arbitrary and capricious because they ignore relevant factors and settled law. See *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). By detaining Petitioner under § 235(b), DHS disregards his lengthy residence, the statutory two-year limit, and Congress's intent that long-term residents be placed in § 240 proceedings with the procedural protections that accompany them.

52. Accordingly, Respondents' detention of Petitioner constitutes agency action "not in accordance with law" and "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right" under 5 U.S.C. § 706(2)(A), (C). The detention must therefore be set aside.

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, the Petitioner respectfully requests this Honorable Court grant the following:

53. Assume jurisdiction over this matter;

54. Order that Petitioner shall not be transferred outside the District of Massachusetts;

55. Issue an Order to Show Cause ordering Respondent to show cause as to why this Petition should not be granted within three days;

56. Declare that the Petitioner's detention violates the Due Process Clause of the Fifth Amendment;

57. Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately;

58. In the alternative, should the Court decline to order immediate release, direct Respondents to provide Petitioner with a prompt, constitutionally adequate bond hearing before a neutral decisionmaker at which the government bears the burden of proof to justify continued detention; <u>and</u>

59. Grant any such further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Gabriela J. Cerretani*

Gabriela J. Cerretani, Esq.
BBO: 706130
Georges Cote Law LLP
235 Marginal St
Chelsea, MA 02150
617-884-1000
gcerretani@georgescotelaw.com
*Counsel for Petitioner*

Dated: September 8 2025